UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUIS RONALD DEPOLO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-2039 (RMC) |
| CAROLINE CIRAOLO-KLEPPER, Personally, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# OPINION

Louis Ronald DePolo complains that the Internal Revenue Service (IRS) labels him an income tax non-filer, creates automated substitutes for his missing tax returns, and uses the substitutes in subsequent tax collection and enforcement proceedings against him. Mr. DePolo seeks to enjoin IRS from engaging in what he calls a criminal conspiracy and record-falsification scheme on the basis that it violates his rights under the Constitution. Mr. DePolo, proceeding *pro se*, sues Caroline Ciraolo-Klepper, Acting Assistant Attorney General of the Tax Division at the Department of Justice, in her personal and official capacities, as well as the Commissioner of Internal Revenue and Attorney General of the United States in their official capacities. *See* Compl. [Dkt. 1]. Defendants move to dismiss the Complaint. *See* Mot. to Dismiss [Dkt. 2] (Mot.). Mr. DePolo filed a timely opposition to the motion, *see* Opp'n [Dkt. 7], to which Defendants replied, *see* Reply [Dkt. 8]. For the reasons that follow, the Court will grant the motion to dismiss.

# I. FACTS

IRS opens an Individual Master File (IMF) for income tax non-filers by creating an entry in its computer system indicating that the individual paid zero tax. This is exactly what the law provides. *See* 26 U.S.C. § 6020(b)(1) (providing in relevant part that "if any person fails to make any return required by any internal revenue law or regulation made thereunder . . . the Secretary [of Treasury] shall make such return"); *see also* 26 C.F.R. § 301.6211-1 ("If no return is made . . . for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero."). IRS then estimates the individual's tax deficiency and any "additions to tax" (*i.e.*, penalties and interest). "If a taxpayer fails to file a return, the IRS may create a substitute tax form under 26 U.S.C. § 6020(b) and file a notice of deficiency for the total amount it calculates as due." *Byers v. C.I.R.*, 740 F.3d 668, 671 (D.C. Cir. 2014), *cert. denied*, 135 S. Ct. 232, *reh'g denied,* 135 S. Ct. 887 (2014). This calculation is recorded on Form 4549 titled, "Income Tax Examination Changes," and Form 866 titled, "Explanation of Items."

These forms are appended to Form 13496, titled "IRC § 6020(b) Certification," that contains the IRS assessment of the taxes and other charges due. *See* 26 C.F.R. § 301.6020-1. This packet of records is known as a Substitute for Return (SFR). Finally, IRS produces a certified transcript of the IMF (or Form 4340) that the Department of Justice uses in tax collection and enforcement proceedings against the non-filer. *See* Mot. at 3 (citing Compl. ¶¶ 20-53). The use of certified transcripts to collect unpaid taxes also is authorized by law. *See* 26 U.S.C. § 6020(b)(2) ("Any return so made and subscribed by the Secretary [of Treasury] shall be *prima facie* good and sufficient for all legal purposes."); *see also* 26 C.F.R. § 301.6020-1(b)(3).

As far as can be discerned from his Complaint and Opposition, Mr. DePolo believes this process violates his constitutional rights and multiple criminal statutes. He claims that IRS falsely labels him an income tax non-filer, estimates his annual tax liability each year, and then certifies the amount of taxes to be collected from him. Mr. DePolo accuses Defendants of engaging in a "criminal enterprise" to falsify records concerning him, which are then used "to damage [him] by stealing his property." Compl. ¶¶ 1-5, 17. The underlying basis for his beliefs lies in his assertion that he possesses a constitutional right under the Fifth Amendment to refuse to file an income tax return.

Mr. DePolo alleges that he "will never voluntarily confess liability by swearing out 1040 evidence which can be used against him." *Id.* ¶ 5; *see also* Opp'n at 9. As a result, IRS points out that Mr. DePolo is a "tax defier" — namely, someone who does not file annual income tax returns. Mot. at 1. Mr. DePolo contends that "because IRS must falsify its records to create the appearance of a collectible deficiency, Plaintiff has no liability to pay that tax and owes nothing to the Treasury." Opp'n at 9.

Specifically, Mr. DePolo asserts two claims against Defendants: (1) a violation of the Administrative Procedure Act (APA), 5 U.S.C. § 702 (Count 1); and (2) a violation of Mr. DePolo's procedural and due process rights under the Fifth Amendment of the U.S. Constitution (Count 2). *See* Compl. ¶¶ 54-60. Although these are the only two counts included in the Complaint, Mr. DePolo also mentions in passing that Defendants' conduct violates his right against self-incrimination under the Fifth Amendment, as well as his rights under the Fourth and Thirteenth Amendments. *See id.* ¶¶ 1, 5.[1] Mr. DePolo asks the Court to enjoin IRS from

---

[1] The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effect, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV.

fabricating records and engaging in this alleged falsification scheme against him, thereby avoiding future income tax assessments based on this process. He also wants an injunction to prevent the Attorney General and the Department of Justice from participating in this putative scheme and using forms provided by IRS to collect any tax deficiency.

Defendants move to dismiss for lack of jurisdiction, including lack of standing, under Federal Rule of Civil Procedure 12(b)(1). In the alternative, Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because Mr. DePolo failed to state a claim upon which relief can be granted. The case will be dismissed for lack of jurisdiction.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a statutory requirement and an Article III requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted).

---

The Fifth Amendment provides in relevant part: "No person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. The Thirteenth Amendment prohibits slavery and involuntary servitude in the United States. U.S. Const. amend. XIII.

When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court should "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). A court may consider materials outside the pleadings to determine its jurisdiction. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). A court has "broad discretion to consider relevant and competent evidence" to resolve factual issues raised by a Rule 12(b)(1) motion. *Finca Santa Elena, Inc. v. U.S. Army Corps of Engineers*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citation omitted).

Jurisdiction over a complaint also requires that the plaintiff in a lawsuit have standing to pursue his claim. *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Standing requires a plaintiff to show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).

## III. ANALYSIS

Mr. DePolo's claims lack merit as a matter of law and will be dismissed. The scheme that Mr. DePolo describes as "fraudulent" and "criminal" is authorized by Congress, as well as by formal regulations of the Department of Treasury. *See, e.g.*, 26 U.S.C. § 6020(b)(1) (authorizing Secretary of Treasury to make a return for non-filers); *id.* § 6020(b)(2) (authorizing the use of this substitute for return for all legal purposes; 26 C.F.R. § 301.6211-1 (providing that new return should indicate that non-filer paid zero tax); *id.* § 301.6020-1 (setting out parameters for creation and use of substitute); *see also Byers*, 740 F.3d at 671 (discussing relevant statutory and regulatory framework).

Notably, the Complaint contains identical claims to those rejected and dismissed in *Florance v. Comm'r, Internal Revenue*, No. CV 12-933 (RMC) (D.D.C. July 3, 2012) and *McNeil v. Comm'r, Internal Revenue*, No. CV 15-1288 (CKK), 2016 WL 1446127, at *5 (D.D.C. Apr. 12, 2016). The claims are also similar to those dismissed in *Ellis v. Comm'r, Internal Revenue*, No. CV 14-471 (ABJ), 67 F. Supp. 3d 325 (D.D.C. 2014), *aff'd sub nom. Ellis v. C.I.R.*, 622 F. App'x 2 (D.C. Cir. 2015), a case in which Mr. DePolo sought to intervene. Mr. DePolo's Complaint does not fare any better and, thus, dismissal is warranted.

The Complaint must be dismissed because the Anti-Injunction Act (AIA), 26 U.S.C. § 7421, removes the Court of subject matter jurisdiction over it. The AIA specifies that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a)(1). The effect of this language is to "withdraw jurisdiction from the state and federal courts to entertain [such] suits," *see Lundberg v. United States*, 720 F. Supp. 2d 25, 28 (D.D.C. 2010), and protect "the Government's need to assess and collect taxes as

6

expeditiously as possible with a minimum of preenforcement judicial interference," *see Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974). Thus, complaints about federal taxes and challenges to the lawfulness of tax assessments are heard after taxes have been paid. *Kim v. United States*, 461 F. Supp. 2d 34, 39 (D.D.C. 2006) (dismissing claim under AIA because plaintiff "can challenge the validity of the tax assessments by filing a refund claim" under 26 U.S.C. § 7422).

Mr. DePolo seeks to enjoin IRS and the Department of Justice from preparing Substitutes for Returns to determine and assess his tax liability as a non-filer and using certified transcripts in enforcement and collection proceedings. By its plain terms, the AIA bars this action. *See Ellis*, 67 F. Supp. 3d at 333 ("The use of the 'created' return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of tax liability.") (quoting *Tecchio v. U.S.*, 153 Fed. App'x 841, 843 (3d Cir. 2005)); *see also Cohen v. United States*, 650 F.3d 717, 724 (D.C. Cir. 2011). "All the actions of which Plaintiff complains and that are the bases for Plaintiff's request for relief are actions taken in the process of assessing and collecting taxes," and, therefore, this Court lacks jurisdiction over Mr. DePolo's Complaint "*regardless* of the supposed merits" of his APA and constitutional claims. *McNeil*, 2016 WL 1446127, at *5. Finally, Mr. DePolo does not, and cannot, argue that this action falls under one of the statutorily enumerated exceptions to the jurisdiction-stripping provision of the AIA. Therefore, the Complaint will be dismissed for lack of subject matter jurisdiction.

Further, Mr. DePolo has failed to establish that he has standing to sue. Assuming that future tax liens and garnishments would satisfy the Article III injury-in-fact requirement, it cannot be said that Mr. DePolo meets the causation and redressability standing requirements. Mr. DePolo's alleged future injury — namely, tax liability resulting in liens and garnishments on

his property — is substantially caused by Mr. DePolo's own failure and refusal to file income tax returns. This is a self-inflicted injury that "sever[s] the cause nexus needed to establish standing." *Ellis*, 67 F. Supp. 3d at 336 (citing *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 177 (D.C. Cir. 2012); *Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir. 1989)). Mr. DePolo "is taking a voluntary step to create the deficiencies that lead inexorably to his complained of injuries." *Id.*

In addition, Mr. DePolo cannot show that that it is "likely" that his alleged future injuries could be "redressed by a favorable decision." *Lujan,* 504 U.S. at 561. "[T]o the extent that plaintiff seeks to prevent future tax liens or garnishments, those injuries are not redressed by the injunctions he has requested" because Defendants would still be able to "institute deficiency proceedings against him, even without generating an SFR or using a self-authenticating certification." *Ellis*, 67 F. Supp. 3d at 337 (citations omitted). Dismissal is also warranted on the grounds that Mr. DePolo lacks standing to bring the instant case.

Finally, Mr. DePolo's argument that he has standing to bring this case and that jurisdiction exists because Defendants violated federal criminal statutes is without merit. Mr. DePolo accuses Defendants of violating 18 U.S.C. §§ 241 (conspiracy), 1001 (false statements or entries), 1503 (influencing or injuring a judicial officer or juror), and 1509 (obstruction of court orders). He fails to appreciate that he has filed a civil lawsuit and that he is not a prosecutor of crimes. There is no private right of action to enforce any of the statutes he cites. *See, e.g.*, *RJ Prod. Co. v. Nestle USA, Inc.*, No. CV 10-584 (ESH), 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that since criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal

courts"); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190-91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code).[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss for Lack of Jurisdiction, Dkt. 2. The Complaint will be dismissed in its entirety.

A memorializing Order accompanies this Memorandum Opinion. This case is closed.

Date: July 14, 2016

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[2] The Court does not reach Defendants' alternative argument that Mr. DePolo failed to state a claim upon which relief can be granted. The Court will deny Mr. DePolo's Motion to Certify Class and to Appoint Counsel [Dkt. 9], his Motion for Hearing [Dkt. 10], and Defendants' Motion to Strike Mr. DePolo's Motion for a Hearing [Dkt. 12] as moot.